10-28-ag
Rrapi v. Holder

BIA
Rohan, IJ
A098 404 045

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24ᵗʰ day of February, two thousand eleven.

PRESENT:
>    ROSEMARY S. POOLER,
>    ROBERT A. KATZMANN,
>    REENA RAGGI,
>        *Circuit Judges.*

_____

JETMIR RRAPI,

>    *Petitioner*,

>        v.                              10-28-ag
>                                        NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

>    *Respondent*.
_____

FOR PETITIONER:         Andrew P. Johnson, Law Offices of
                        Andrew P. Johnson, New York, N.Y.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Anthony W. Norwood, Senior
                        Litigation Counsel; Micheline
                        Hershey, Attorney, Office of
                        Immigration Litigation, Civil
                        Division, U.S. Department of
                        Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Jetmir Rrapi, a native and citizen of Albania, seeks review of a December 8, 2009, decision of the BIA affirming the September 12, 2005, decision of Immigration Judge ("IJ") Patricia A. Rohan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jetmir Rrapi*, No. A098 404 045 (B.I.A. Dec. 8, 2009), *aff'g* No. A098 404 045 (Immigr. Ct. N.Y. City Sept. 12, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirms the IJ's credibility determination and does not reject any of the IJ's grounds for decision, we "review both the BIA's and IJ's opinions -- or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See, e.g., Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008); *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

2

Substantial evidence supports the IJ's adverse credibility determination. Pursuant to the REAL ID Act, which governs this case, an adverse credibility determination may be based on an asylum applicant's demeanor, the plausibility of his or her account, inconsistencies in his or her statements, and the consistency of such statements with other evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ reasonably found Rrapi not credible because: (1) his testimony was "vague and lacking in specific credible detail," J.A. 135; (2) he testified inconsistently regarding his membership in the Democratic Party; (3) he testified inconsistently regarding the dates and number of times he was arrested and beaten; (3) he testified inconsistently regarding when he received medical treatment for injuries he allegedly sustained as a result of a beating due to his membership in the Democratic Party; and (4) he provided insufficient corroboration to rehabilitate his otherwise incredible testimony. *See* J.A. 131-36; *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166-67 (2d Cir. 2008). Moreover, no reasonable factfinder would have been compelled to credit his explanation that he provided inconsistent testimony

3

because he was "confused."  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).  Although Rrapi asserts that the inconsistencies relied on by the IJ were too minor to support an adverse credibility determination, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that any asylum applicant is not credible."  *Xiu Xia Lin*, 534 F.3d at 167(quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).  To the extent that Rrapi argues that the IJ erred by relying on his failure to mention two arrests in his asylum application, we have held that omissions and inconsistencies are "functionally equivalent" for purposes of an adverse credibility finding.  *Id.* at 166 n.3.

Because the aforementioned findings provide ample support for the IJ's adverse credibility determination, we need not reach Rrapi's remaining arguments that he established past persecution or a well-founded fear of future persecution.  The IJ's adverse credibility determination was fatal to his application for asylum, withholding of removal, and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

4

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5